IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Jonathan Villaran-Rosado, | Case No. 4:13 CV 1292 |
| Petitioner, | MEMORANDUM OPINION AND ORDER |
| -vs- | JUDGE JACK ZOUHARY |
| United States of America, | |
| Respondent. | |

### INTRODUCTION

*Pro se* Petitioner Jonathan Villaran-Rosado filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. 1). He challenges his sentence for a 2008 crack-cocaine conviction, entered in the U.S. District Court for the District of Puerto Rico. He claims his sentence should be reduced in light of the panel decision in *United States v. Blewett*, 719 F.3d 482 (6th Cir. 2013). There, the court held that a Fair Sentencing Act of 2010 ("FSA") provision altering the crack-cocaine sentencing regime applied retroactively. For the reasons below, the Petition is denied.

### STANDARD OF REVIEW

A writ of habeas corpus under Section 2241 "may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). Section 2241 "is an affirmative grant of power to federal courts to issue writs of habeas corpus to prisoners being held 'in violation of the Constitution or laws or treaties of the United States.'" *Rice v. White*, 660 F.3d 242, 249 (6th Cir. 2011) (quoting 28 U.S.C. § 2241(c)).

Because Petitioner proceeds *pro se*, the Petition's allegations must be construed in his favor, and is held to a less stringent standard than pleadings prepared by counsel. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). However, this Court has broad discretion in structuring the terms of habeas relief. *Demis v. Sniezek*, 558 F.3d 508, 515 (6th Cir. 2009). This Court may "dispose of habeas corpus matters as law and justice require." *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987) (quotation marks omitted).

## ANALYSIS

To challenge the legality of a conviction or sentence, a federal prisoner must file with the sentencing court a motion under 28 U.S.C. § 2255. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998). By contrast, a federal prisoner may only file a petition under Section 2241 to challenge the manner in which the sentence is being executed (*e.g.*, the computation of sentence credits), not the validity of the sentence itself. *United States v. Jalili*, 925 F.2d 889, 893 (6th Cir. 1999).

In its "saving clause," 28 U.S.C. § 2255(e) provides a narrow exception to this rule, permitting a prisoner to challenge the legality of a conviction through a Section 2241 petition if the remedy under Section 2255 was or is "inadequate or ineffective." A Section 2255 remedy is not considered "inadequate or ineffective" simply because Section 2255 relief has already been denied, a procedural bar applies to prevent relief under Section 2255, or the petitioner has been denied permission to file a second or successive motion to vacate. *Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999) (per curiam).

Use of the savings clause requires a rigorous showing. The petitioner must claim actual innocence. *Bannerman v. Snyder*, 325 F.3d 722, 724 (6th Cir. 2003). In this context, actual innocence means "it is more likely than not that no reasonable juror would have convicted"

Petitioner of the crack-cocaine offense. *See Bousley v. United States*, 523 U.S. 614, 623 (1998). A prisoner can establish actual innocence by showing: (1) a new interpretation of statutory law; (2) issued after a petitioner had sufficient time to incorporate that new reading into his direct appeal or collateral attack; (3) that is retroactive; and (4) applies to the prisoner such that under the new reading of the statute a jury probably would have found him actually innocent of the charged offense. *Wooten v. Cauley*, 677 F.3d 303, 307–08 (6th Cir. 2012).

Petitioner has failed to allege actual innocence. The Petition contains no claim or suggestion that Petitioner is innocent of the drug offense. Moreover, the panel decision in *Blewett* is no longer good law. That decision was vacated when the Sixth Circuit granted rehearing en banc. A majority of the en banc court later determined the relevant FSA provisions are *not* retroactive. *United States v. Blewett*, — F.3d —, 2013 WL 6231727, at *1 (6th Cir. 2013) (en banc)

## CONCLUSION

Accordingly, the Petition is denied (Doc. 1) and this action is dismissed pursuant to 28 U.S.C. § 2243. This Court also finds Defendant has failed to make "a substantial showing of the denial of a constitutional right" and declines to issue a certificate of appealability. 28 U.S.C. § 2253(c).

IT IS SO ORDERED.

    s/ *Jack Zouhary*

JACK ZOUHARY
U.S. DISTRICT JUDGE

December 23, 2013

3